**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| MARGUERITE CASE,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLESTON COUNTY SCHOOL DISTRICT,<br><br>Defendant. | ) | No. 2:23-cv-03545-DCN<br><br>**ORDER** |

Defendant Charleston County School District ("Defendant") moved in limine for the court to "exclude" plaintiff Marguerite Case's ("Plaintiff") therapist, Renee Zavislak ("Ms. Zavislak"), "as a witness." ECF No. 70 at 3. Plaintiff informed Defendant and the court at the pre-trial hearing that she would seek to have Ms. Zavislak testify remotely from California, her state of residence. See ECF No. 69. Concerning remote testimony, Defendant argued the court should not permit remote testimony, citing Federal Rule of Civil Procedure 43(a) and arguing Plaintiff had not offered a sufficient reason to permit remote testimony. ECF No. 70 at 3.

Responding with her own motion in limine, Plaintiff cited Rule 43(a) and argued that good cause and compelling circumstances exist for allowing Ms. Zavislak to testify remotely. ECF No. 71 at 2. Specifically, she argued that cross-country travel imposed unnecessary expense and disruption when live testimony provided little additional benefit beyond what can be achieved through secure video testimony. Id.

Rule 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by

contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). The Advisory Committee notes to Rule 43 further provide:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

Fed. R. Civ. P. 43(a), Adv. Comm. Note to 1996 Amendment.

The district court retains discretion in ruling on the manner in which evidence can be presented. See, e.g., United States v. Kivanc, 714 F.3d 782, 791 (4th Cir. 2013) (reviewing district court's ruling regarding use of remote testimony under abuse of discretion standard).

The court finds that Plaintiff has not shown good cause for Ms. Zavislak testifying remotely. The court acknowledges that Plaintiff has provided the court with examples of other courts approving of remote testimony where only domestic travel was required of the witness. See F.T.C. v. Swedish Match N. Am., Inc., 197 F.R.D. 1 (D.D.C. 2000); Beltran-Tirado v. I.N.S., 213 F.3d 1179, 1186 (9th Cir. 2000). However, the Fourth Circuit determined that a district court did not abuse its discretion when disallowing remote testimony, even where the witness would have been required to travel internationally with alleged health complications. Kivanc, 714 F.3d at 791 (noting district court's observation that it did not "see anything in this [case] that would lead [it] to believe [the witness] cannot travel.") (first alteration in original). The advisory committee notes to Rule 43 caution that inconvenience alone is not sufficient basis to justify remote testimony, see Fed. R. Civ. P. 43, Adv. Comm. Note to 1996 Amendment,

and Plaintiff has only argued that remote testimony should be permitted due to unnecessary expense and disruption (presumably to Ms. Zavislak) without providing support for those claims, see Humbert v. O'Malley, 2015 WL 1256458, at *2 (D. Md. Mar. 17, 2015) (denying request for remote testimony where witness would be required to travel from California and plaintiff's "conclusionary assertions about [the witness's] work and family 'obligations', devoid of evidentiary support," were "insufficiently "compelling" to permit contemporaneous transmission."); id. (similarly rejecting argument that "financial expense of travelling from California merits contemporaneous transmission."); see also Lopez v. NTI, LLC, 748 F. Supp. 2d 471, 481 (D. Md. 2010) (finding lack of good cause where parties would be required to travel from Virginia and Tennessee to Maryland for trial). Particularly in view of the "importance of presenting live testimony in court" to the factfinder, the court does not find that compelling reasons exist for allowing Ms. Zavislak to testify remotely. See Fed. R. Civ. P. 43(a), Adv. Comm. Note to 1996 Amendment.

Accordingly, the court **GRANTS** in part Defendant's motion in limine insofar as it seeks to exclude Ms. Zavislak from giving testimony by contemporaneous transmission from a different location, and the court **DENIES** in part Plaintiff's motion in limine insofar as she seeks to permit Ms. Zavislak to testify by the same means.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 11, 2026**
**Charleston, South Carolina**